(49 South. 645.)

No. 17,376.

FELDER v. LEFTWICH.

(May 24, 1909. Rehearing Denied June 19, 1909.)

1. MORTGAGES (§ 25*)—AMOUNT OF DEBT—EVIDENCE.

In a suit to foreclose certain mortgages, evidence *held* to warrant a finding that the purchase price of a plantation to secure which the mortgages were executed was $3,150, and not $6,500, as claimed by the mortgagee, and that $3,150 was the amount of the mortgage debt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 42; Dec. Dig. § 25.*]

2. MORTGAGES (§ 581*) — FORECLOSURE — ATTORNEY'S FEES.

Where no extension of a mortgage debt was shown beyond July 1, 1907, and suit was brought on the 3d, the mortgagor was liable for costs and 10 per cent. attorney's fees as provided.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1670; Dec. Dig. § 581.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Clay Elliott, Judge.

Suit by Thomas S. Leftwich against Jesse T. Felder. Judgment for complainant, and defendant appeals. Affirmed.

Reid, Purser & Reid, for appellant. Kemp & Kemp, Kemp & Spiler, Stephen Daniel Corkern, and Guy Joseph Ray, for appellee.

PROVOSTY, J. At the same sitting, before the same notary and witnesses, the parties to this suit, Felder and Leftwich, passed two acts—one an act by which Leftwich sold the Ethel plantation to Felder for $3,250, whereof $100 was cash and $3,150 on a credit, for which Felder executed his note, payable in eight months and secured by the reserve of a vendor's privilege and special mortgage on the property; and the other an act by which Felder gave to Leftwich a mortgage on the Klug place for a like sum of $3,250, represented by one note, likewise payable in eight months. The two acts make no reference to each other. The act of mortgage does not explain what the mortgage is given for, but merely recites that Felder is indebted to Leftwich in the amount named, and gives him the mortgage. These acts were passed on December 15, 1906.

On July 5th, in the parish of St. Helena, where the parties live and the property is situated, Leftwich instituted foreclosure proceedings on the two notes. On that same day Felder paid Leftwich $3,058.83. Felder was not aware at the time of this payment that the executory proceedings had been filed. Leftwich claims and testifies that the real price of the sale of the Ethel plantation was $6,500, and that the mortgage on the Klug place was given for one-half of this price. Felder claims and testifies that the price of the Ethel plantation was $3,150, the amount for which vendor's privilege and special mortgage were reserved on it, and that the cash payment of $100 was fictitious, and that the mortgage on the Klug place was merely additional security. On July 3, 1907, Felder paid Leftwich a further sum of $400.07. On August 15, 1907, he

enjoined the executory proceedings, on the ground that he had paid the debt for the purchase of the Ethel plantation, and that the other mortgage had been given merely as additional security for this same debt. He alleged that he had overpaid Leftwich $182.·90, and that by the unwarranted seizure of his property he had been damaged to the amount of $1,000; and he prayed judgment against Leftwich for these two amounts. The trial court perpetuated the injunction, but did not order the return of the alleged overpayment of $182.90, nor allow any damages.

We think all the probabilities of the matter, and the decided preponderance of the testimony, favor the contention of Felder that the mortgage on the Klug place was merely given as additional security. The facts are these: Eight months before the sale by Leftwich to Felder, the Ethel plantation had been sold at sheriff's sale at the suit of the creditors of Leftwich and adjudicated to Mr. B. M. Miller, the lawyer, for $2,700. Miller, after trying in vain for several months to sell it at a profit, had given Felder an option on it at $3,000. For this option Felder had paid $100, to be deducted from the $3,000. When the option was about to expire, Felder, not being able to procure the money to take it up, applied to Leftwich, and the two entered into an agreement by which Leftwich was to pay Miller the $3,000, or $2,900, and take title to the property, and immediately sell it to Felder on a credit. This agreement was carried out by the two acts hereinabove mentioned. At this point the testimony diverges. Leftwich says that the agreement was that the price of the sale to Felder was to be $6,500; and Felder says that it was to be $3,150, and that he was to give a mortgage on his Klug place as additional security.

The decided preponderance of the evidence is that the Ethel plantation was worth between $2,000 and $3,000, and certainly not over $3,000; hence there is no probability whatever that Felder would have been willing to give $6,500 for it at eight months' credit.

The brother of Felder testifies that he was present when the act of sale was passed, and that he heard Leftwich say that the price was $3,150, and that at that time both his brother and Leftwich told him that the mortgage on the Klug place was being given as additional security. He adds that he rode home some eight miles with Leftwich that day, and that in their conversation on the way Leftwich repeated the same statement to him.

The notary who passed the acts says that his understanding of the matter, gathered from what was said by the parties at the time of passing the acts, was that the price of the sale was $3,150, and that the mortgage on the Klug place was given as additional security.

Against this there is nothing but the unsupported statement of Leftwich. True, the act of mortgage corroborates him by its unqualified recital that Felder owed him the $3,250 for which the mortgage is given. But, on the other hand, the act of sale contradicts his statement that the price of the sale was $6,500.

There is no denial that the $100 which figured as a cash payment was furnished by Leftwich himself for the purpose of being thus made to figure. Their idea was thereby to make the sale more binding.

Passing to the question of overpayment and damages, we find that the note fell due on June 15th, and that on that day Leftwich demanded payment, and, at the solicitation of Felder, agreed to wait until July 1st; that on the latter day Leftwich again in vain demanded payment, and two days thereafter placed the notes in the hands of

his attorneys for immediate action; and that the attorneys filed suit on July 5th—the day on which payment was made to Leftwich in New Orleans.

Felder says that in the agreement to wait on him for payment Leftwich did not specify any particular time; that he met Leftwich again at Port Vincent on the 3d, and told him that the money would be forthcoming in a day or two; and that Leftwich agreed to wait. For showing that the extension of time was indefinite, and for showing this second agreement to wait, Felder holds the affirmative, and has only his own statement, opposed by that of Leftwich; hence no extension beyond July 1st is proved, and, as a consequence, Felder owes the 10 per cent. attorney's fee stipulated in the act of sale, and also the costs of the executory proceedings up to July 23d, when, by the payment of the $400, the suit was practically put an end to.

We state the debt as follows:

| | |
|---|---:|
| Principal | $3,150 00 |
| Interest to date of first payment | 140 00 |
| | $3,290 00 |
| Attorney's fees, 10 per cent | 329 00 |
| Total due July 5th | $3,619 00 |
| Deduct payment | 3,058 83 |
| Balance | $ 560 17 |
| Interest to July 23d | 2 23 |
| Total | $ 562 40 |
| Deduct payment | 400 00 |
| Balance due | $ 162 40 |

In allowing Felder no damages, although perpetuating the injunction, our learned Brother of the lower court, no doubt, considered that this balance of $162.40 offset the damages. In the absence of proof of greater damages, and especially in the absence of an appeal on the part of Felder, or of an answer to the appeal, we shall content ourselves with affirming the judgment.

Judgment affirmed.